933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ellis L. BARNETT, Petitioner-Appellant,
v.
Stephen KAISER and Attorney General, Respondents-Appellees.
 No. 90-6372.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Ellis Barnett was convicted in Oklahoma State Court of two counts of second degree burglary after former conviction of two or more felonies. He was sentenced to seventy-five years' imprisonment on each count, to be served consecutively. The conviction was affirmed on appeal. Subsequently, petitioner filed an application for post-conviction relief which was denied by the district court. This decision was upheld by the Oklahoma Court of Criminal Appeals. Petitioner then filed a petition for writ of habeas corpus in federal district court, which was denied.
 
 
 3
 The district court correctly concluded the jury wheel selection process did not violate petitioner's constitutional rights by systematically excluding blacks from the jury. To prove a constitutional violation, petitioner must show:
 
 
 4
 (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
 
 
 5
 Duren v. Missouri, 439 U.S. 357, 364 (1979). In Duren, petitioner met this burden by proving there was a large discrepancy between the number of men and women in the weekly venire for nearly a year. Id. at 366-67.
 
 
 6
 In the present case, petitioner has only shown that no blacks were drawn from the jury wheel for his trial. The trial court found the veniremen were drawn at random from the list of registered voters in the county in the manner prescribed by law. There is no evidence indicating blacks were systematically excluded from the jury selection process in this case.
 
 
 7
 We find no merit in petitioner's contention that members of the sheriff's office were improperly involved in the selection of his jury. The record indicates individuals in the sheriff's office were responsible for contacting individuals selected for jury service. There is no evidence indicating these employees somehow improperly excluded blacks.
 
 
 8
 Finally, the district court properly concluded petitioner was not denied effective assistance of counsel during his trial and direct appeal. Although a defendant does have the ultimate authority to make certain fundamental decisions regarding his case, he does not have the constitutional right to compel his counsel to press every issue requested. Jones v. Barnes, 463 U.S. 745, 754 (1983). Petitioner's appointed counsel decided not to pursue petitioner's claim concerning the racial composition of his jury. As noted above, this claim is in fact without merit. Counsel's decision not to pursue this claim was neither deficient nor prejudicial to petitioner. See Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 9
 Petitioner has not made a substantial showing of the denial of an important federal right. We therefore DENY the certificate of probable cause. Barefoot v. Estelle, 463 U.S. 880 (1983). We waive the fees and DISMISS. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3